ATTORNEY GENERAL LOVING HAS RECEIVED YOUR LETTER REQUESTING AN OPINION ADDRESSING, IN EFFECT, THE FOLLOWING QUESTION:
 DOES THE LAW REQUIRE THE CONSERVATION COMMISSION TO REPORT POLLUTION COMPLAINTS, RESOLUTIONS OF COMPLAINTS, AND PERMIT APPROVALS?
BECAUSE YOUR QUESTION CAN BE READILY ANSWERED BY REFERENCE TO OKLAHOMA STATUTES AND CASE LAW, THIS OFFICE HAS DETERMINED THAT YOUR REQUEST SHOULD BE ANSWERED THROUGH AN INFORMAL LETTER. THE DISCUSSION WHICH FOLLOWS IS THUS NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. THE FOLLOWING CONCLUSIONS, WHILE SOLELY MY OWN, HAVE BEEN REACHED AFTER CAREFUL RESEARCH AND ANALYSIS OF THE QUESTION YOU HAVE RAISED.
YOUR INQUIRY SPECIFICALLY REFERENCED THE ACT FOUND AT 82 O.S. 1501-450 (1992). THIS ACT PROVIDES THAT THE CONSERVATION COMMISSION (COMMISSION) MAY ESTABLISH AND MAINTAIN AN ENVIRONMENTAL AND NATURAL RESOURCES GEOGRAPHIC DATA BASE SYSTEM AND THAT THE SYSTEM SHALL INCLUDE, AMONG OTHER THINGS, POLLUTION COMPLAINTS, RESOLUTIONS OF COMPLAINTS, AND PERMIT APPROVALS. 82 O.S. 1501-450(A) (EMPHASIS ADDED).
THE PLAIN LANGUAGE OF 82 O.S. 1501-450(A) INDICATES THAT THE SYSTEM SHALL INCLUDE POLLUTION COMPLAINTS, RESOLUTIONS OF COMPLAINTS, AND PERMIT APPROVALS IN THE DATA BASE SYSTEM PROVIDED FOR IN SUBSECTION A, IF THE COMMISSION ESTABLISHES SUCH A SYSTEM. THE USE OF THE TERM "SHALL" BY A LAWMAKING BODY IS NORMALLY CONSIDERED AS A LEGISLATIVE MANDATE EQUIVALENT TO THE TERM "MUST". FOREST OIL CORP. V. CORPORATION COM'N OF OKLAHOMA, 807 P.2D 774 (OKLA.1990).
THE REPORTING REQUIREMENT FOR THE COMMISSION PROVIDES THAT THE COMMISSION:
 "ANNUALLY SUBMIT A REPORT TO THE SPEAKER OF THE HOUSE OF REPRESENTATIVES, THE PRESIDENT PRO TEMPORE OF THE SENATE, AND THE GOVERNOR CONTAINING THE TOTAL NUMBER OF POLLUTION COMPLAINTS FILED, THE TOTAL NUMBER OF COMPLAINTS AND TYPE OF COMPLAINTS ADDRESSED BY EACH STATE ENVIRONMENTAL AGENCY, THE TOTAL NUMBER OF SUCH COMPLAINTS RESOLVED, THE TOTAL NUMBER OF COMPLAINTS REMAINING TO BE RESOLVED, THE AVERAGE TIME FRAME FOR RESOLVING SUCH COMPLAINTS, AND THE HISTORICAL COMPARISON OF COMPLAINT RESOLUTION IN PREVIOUS YEARS, AND ANY OTHER INFORMATION WHICH THE COMMISSION BELIEVES IS PERTINENT IN REGARD TO POLLUTION COMPLAINTS." 82 O.S. 1501-450(C) (EMPHASIS ADDED).
THE WRITTEN REPORT MANDATED IN SUBSECTION C IS TO INCLUDE PRIMARILY STATISTICAL INFORMATION SUCH AS THE NUMBER OF COMPLAINTS FILED, THE NUMBER OF COMPLAINTS RESOLVED, AND THE AVERAGE TIME FRAME FOR RESOLVING SUCH COMPLAINTS. THERE IS NO INDICATION FROM THE LANGUAGE OF THE STATUTE THAT THIS REPORT MUST INCLUDE THE ACTUAL POLLUTION COMPLAINTS, RESOLUTIONS OF COMPLAINTS, OR PERMIT APPROVALS. IT IS WELL ESTABLISHED LAW IN OKLAHOMA THAT WHEN THE LANGUAGE OF A STATUTE IS PLAIN AND UNAMBIGUOUS AND ITS MEANING CLEAR, NO RULES OF CONSTRUCTION ARE USED AND ITS EVIDENT MEANING MUST BE ACCEPTED. JACKSON V. INDEPENDENT SCHOOL DISTRICT NO. 16, 648 P.2D 26 (OKLA.1982).
THUS, THE COMMISSION IS NOT REQUIRED TO REPORT THE ACTUAL COMPLAINTS, RESOLUTIONS, AND PERMIT APPROVALS BUT MUST REPORT THE STATISTICAL INFORMATION PROVIDED FOR IN SUBSECTION C AND "ANY OTHER INFORMATION WHICH THE COMMISSION BELIEVES IS PERTINENT IN REGARD TO POLLUTION COMPLAINTS." THE DETERMINATION OF WHAT IS PERTINENT IN REGARD TO POLLUTION COMPLAINTS IS WITHIN THE DISCRETION OF THE COMMISSION.
(BRITA HAUGLAND CANTRELL)